UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20023-CR-MARTINEZ

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

MICHAEL TYRONE MOBLEY,          <u>REPORT AND RECOMMENDATION</u>

       Defendant.
_____/

On or about August 5, 2008, court-appointed defense counsel Thomas W. Risavy ("Mr. Risavy" or "Counsel") submitted a voucher No. FLS 08 1083 ("fee voucher") with appended time sheets requesting $9,330.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Mr. Risavy represented Defendant Michael Tyrone Mobley ("Defendant") for approximately seventeen (17) months from his appointment on March 5, 2008 until August 29, 2008.

Counsel seeks $9,330.00 in his application, an amount which exceeds the $7,000.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez referred the fee voucher to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the

Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "extended" or "complex" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

Again, the applicable CJA maximum allowed for compensation in this non-capital felony case is $7,000.00. Because Counsel's fee request exceeds this maximum allowed compensation amount, I must conclude that this case involved "extended" or "complex" representation and that the amount requested is necessary to provide Counsel with fair compensation. I do not find this to be such a case.

## DISCUSSION

### This Case Did Not Involve Complex or Extended Representation

As I explained above, under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended. Regarding the issue of whether this case involved complex representation, I note that even Counsel in his letter accompanying his fee voucher concedes that "the charges were not all that complicated and/or complex". I agree with Counsel that this case was not complex. This case involved only one Defendant and the indictment was only four counts. The trial in this matter lasted only two days including jury selection and deliberations. The legal and factual issues in this case were not unusual and, as a result, this matter did not require the expenditure of more time, skill and effort by Counsel than would normally be required in an average case.

I also find that the second factor which would allow the Court to certify compensation in an amount in excess of the statutory maximum - that representation in this case was extended - is also not met here. Defendant was arrested in December 2007. He was represented by the Office of the Federal Public Defender until February 2008. Counsel was appointed on March 5, 2008. The Court sentenced Defendant on July 25, 2008 and entered judgment against him on July 31, 2008. Counsel was only involved in this case for slightly less than five months. Moreover, the trial lasted only two days from jury selection to the reading of the verdict. This case did not require more time for processing than the average case, and as a result, this case cannot properly be considered extended.

## CONCLUSION

I have reviewed all of the entries listed on the time sheets and the total time claimed by Counsel for each of the task categories. I commend Mr. Risavy for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. As I have often quoted, when deemed appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999).[1]

---

[1] As an aside, the Court notes that some of the tasks for which Counsel seeks compensation are not compensable under the CJA. The CJA administrator properly excluded Counsel's request for compensation for 0.1 hours for "FAX copy of 3/7/08 transcript order form to ct rpt coord." as not compensable. The Guidelines make clear that "telephone service, and secretarial expenses associated with CJA representation, whether work is performed by counsel or other personnel, are not reimbursable." The "Supplemental Instructions for Completing CJA20 Vouchers" form provided by the Court reinforces the Guidelines: "Clerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable."

Counsel also seeks compensation for 0.2 hours on March 24, 2008 for a "Phone conf. w/court reporter coordinator re: status of transcript order." This time is not compensable because as I explained in above, secretarial expenses and the like are not compensable under the CJA. Similarly, Counsel also seeks compensation for 2.5 hours on April 7, 2008 for "Conf. w/client at FDC re: trial. Priors, etc.; phone conf. w/AUSA re: client's property; phone conf. w/client's mother re: trial, clothing, etc." The time Counsel spent speaking with the "client's mother re: trial, clothing, etc." is not compensable because under the Guidelines, "the cost of services of a personal nature and expenses incidental thereto which cannot be considered legal representation, such as assisting the defendant in the disposition of his or her personal property" may not be reimbursed under the CJA.

The Supplemental Instructions for Completing CJA20 Vouchers provided by the Court echoes this limitation on compensation: "Services of a personal nature, such as assisting the defendant in the disposition of his/her personal property . . . are not compensable." Moreover, the 0.6 hours spent by Counsel on July 25, 2008 for a "Conf. w/client's family after sentencing re: appeal, new evidence, etc." is not compensable for the same reason.

Based upon my review of the time sheets submitted by Counsel in support of his fee voucher, the docket and filings in this case, I conclude that Counsel is entitled to the $7,000.00 statutory maximum established under the CJA. As I explained above, however, because the representation in this case is neither complex nor extended, Counsel is not entitled to reimbursement for more than the statutory maximum of $7,000.00. Consequently, I will not undertake a thorough and detailed analysis of each task listed in Counsel's fee voucher at this time.

Accordingly, I am **RECOMMENDING** that Counsel be paid the $7,000.00, the statutory maximum, as fair and final compensation for his work on this case. I once again commend Mr. Risavy for his continued professionalism in this case and for accepting this appointment as CJA counsel.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 28th day of October, 2008.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
Honorable Judge Jose E. Martinez
Thomas W. Risavy, Esq.
Lucy Lara, CJA administrator